■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX ALMESTICA, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 10, 1975, convicting defendant, after a nonjury trial, of robbery in the first degree and burglary in the first degree, reversed, on the law, the order of said court, entered February 20, 1975, denying defendant's motion to suppress physical evidence, reversed, on the law and on the facts, and said motion granted and the matter remanded for a new trial. The People concede the impropriety of the stop of the cab in which defendant was a passenger *(People v Ingle,* 36 NY2d 413; *People v Simone,* 39 NY2d 818), but suggest a rehearing of the motion to suppress. However, the trial testimony clearly reveals that the officers acted on nothing more than a vague hunch. Accordingly, no new hearing is required. But, since the record discloses the possibility of sufficient evidence to support a conviction, even without the physical evidence seized during the impermissible search, the case is remitted for retrial. Concur—Stevens, P. J., Murphy, Capozzoli and Yesawich, JJ.; Kupferman, J., dissents in the following memorandum: Kupferman, J. (dissenting). This case represents another instance of the straw on the camel's back that can help further to bog down the criminal justice system. The defendant-appellant and three companions forced their way into an

apartment on the Grand Concourse in Bronx County. They were armed with a rifle, a pistol and a machete. They tied and gagged the óccupant and ransacked his apartment and stole money and jewelry. The victim was released by a friend who arrived shortly after the culprits fled. Although his telephone had been torn out by the defendant and his cohorts, the victim using the telephone in a neighboring apartment, summoned the police. The culprits had hailed a gypsy cab, which was stopped purely on a hunch by two alert officers on motor patrol, and they discovered the rifle and the pistol along with the victim's wallet and other papers later identified by him. He also positively identified his property and the defendant and the others. Proof of guilt was, of course, conclusive. None of the perpetrators testified, and the defendant was found guilty, after a nonjury trial, before a knowledgeable Judge. The defendant was not charged with respect to anything that was discovered in the taxi. The charge was robbery and burglary with respect to the victim in his apartment. It is asserted on this appeal that the stop of the gypsy cab was unlawful, and that the physical evidence seized was inadmissible at the trial. We are not here confronted with the problem of guilt or innocence of the defendant, nor even the question of whether "the constable has blundered." (See *People v Defore*, 242 NY 13, 21.) It is beyond peradventure that this defendant is guilty. (See *People v Crimmins*, 38 NY2d 407, 411.) He was identified by the victim. To send this matter back for a new trial is simply to give further help to the effort to beat down the system of criminal justice. We can accept the ruling in *People v Ingle* (36 NY2d 413), as reiterated in *People v Simone* (39 NY2d 818), and it would not in the slightest affect the finding of guilt. I would affirm the conviction. There is no need for a new trial.